**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DEBI MCKINNEY,**

      **Plaintiff,**

                                      Civil Action 2:14-cv-279
    v.                                Judge Algenon L. Marbley
                                      Magistrate Judge Elizabeth P. Deavers

**CARLTON MANOR NURSING &**
**REHABILITATION CENTER, INC.,** *et al.***,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On September 2, 2014, this matter came before the Court for a status conference. As the record reflects, on August 1, 2014, the Court had previously directed Defendants NCR Staffing, Inc. and NCR Management ("NCR Defendants") to obtain counsel and to appear at the September 2, 2014 status conference. (ECF No. 25.) Nonetheless, the NCR Defendants did not retain counsel, make an effort to appear at the conference, or notify the court of their unavailability. Because the NCR Defendants failed to obtain counsel or appear at the conference, the Court directed NCR Defendants to show cause within fourteen days why the Court should not enter default against them for failing to comply with Orders. (ECF No. 31.) The Court again specifically cautioned the NCR Defendants that failure to comply may result in default judgment against them. (*Id.*)

To date, the NCR Defendants have not responded to the Court's Show Cause Order. (*Id.*) Federal Rule of Civil Procedure 16(f) allows the Court to issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to appear at a scheduling or other pretrial conference or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f).

Federal Rule of Civil Procedure 37(b)(2) sets forth a list of sanctions, including rendering a default judgment against the disobedient party, that a Court could impose.  Fed. R. Civ. P. 37(b)(2)(A)(vi).  The United States Court of Appeals for the Sixth Circuit has identified four factors that it considers when reviewing a district court's use of default judgment under Rule 37:

> 1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered.

*Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).  Entry of default judgment against a disobedient party "'is a sanction of last resort,' and may not be imposed unless noncompliance was due to 'willfulness, bad faith, or fault.'"  *Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 647 (6th Cir. 2011) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F. 2d 1067, 1073 (6th Cir. 1990).

The Undersigned finds that this harsh sanction is warranted given the NCR Defendants' willful failure to obtain counsel, to appear at the September 2, 2014 status conference, or to respond to this Court's Show Cause Order.  Further, the Court specifically cautioned the NCR Defendants that failure to comply may result in default judgment against them.  (ECF Nos. 25, 31.)  It is therefore **RECOMMENDED** that the Court impose the sanction of default judgment against the NCR Defendants in an amount to be determined by the Court.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

2

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 19, 2014  /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge