IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEBI MCKINNEY, on behalf of herself and others similarly situated,** : : : **Plaintiff,** : : **v.** : : **CARLTON MANOR NURSING &, REHABILITATION CENTER, INC.,** : *et al.*, : **Defendants.** : | **Case No. 14-CV-279** **JUDGE ALGENON L. MARBLEY** **Magistrate Judge Deavers** |

### OPINION & ORDER

Before the Court is Defendant Sovran Management Company's ("Sovran" or "Defendant") January 8, 2016 Motion to hold Plaintiff's Motion for (A) Class Certification, (B) Appointment of Class Representative, (C) Appointment of Class Counsel, (D) Approval of the Form and Manner of Class Notice, and (E) Such Other and Further Relief as This Court May Deem Appropriate ("Plaintiff's Class Certification Motion") (Doc. 121) in abeyance until after the Court has issued a decision on the dispositive motions (the "Motion to Stay"). (Doc. 127.) For the reasons below, the Motion is **GRANTED**.

### I. BRIEF BACKGROUND

Plaintiff Debi McKinney ("Plaintiff") brought suit in this Court against Defendant Carlton Manor Nursing Home and others in a complaint filed on March 24, 2014. (Doc. 1.) On November 25, 2014, Plaintiff filed her First Amended Class Action Complaint on behalf of herself and others similarly situated against Defendants Carlton Manor Nursing & Rehabilitation Center, Inc., The Manor at Washington Court House, LLC, NRC Staffing, Inc., NRC Management, Inc., and Sovran Management Company, LLC. (Doc. 47.) The complaint is an

1

action for collection of unpaid wages and benefits pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-09 *et seq.* (the "WARN Act"), alleging that Plaintiff and others were due unpaid wages and benefits from Defendants.

On January 20, 2015, Defendant filed a Motion to Dismiss for Failure to State a Claim arguing that it was not the proper defendant because it was not an employer as defined under the WARN Act. (Doc. 63.) The Court allowed Plaintiff to conduct discovery as to whether Sovran was an employer. (Doc. 127 at 3.) The parties have completed such discovery, and Defendant maintains that it is not an employer and, thus, not a proper defendant in this case. (*Id.*) On January 25, 2016, Plaintiff filed a Reply in opposition to Defendant's Motion to Stay. (Doc. 136.)

## II. STANDARD OF REVIEW

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Laboratories, Inc.,* 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936). The court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct. .,* 565 F.2d 393, 396 (6th Cir. 1977)). In deciding whether to grant a stay, courts commonly consider factors such as: (1) the need for a stay, *id.*; (2) the stage of litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether burden of litigation will be reduced for both the parties and the court. *Grice Engineering, Inc. v. JG Innovations, Inc.,* 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted).

The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

### III. ANALYSIS

Sovran moves to hold class certification in abeyance. Plaintiff argues that there are "no reasonable grounds" for staying consideration of the Class Certification Motion. This is not so. Throughout the course of this litigation, default judgments have been entered against Defendants Carlton Manor Nursing & Rehabilitation Center, Inc. (Doc. 28) and the NRC entities (Doc. 87). On January 25, 2016, the Magistrate Judge issued an order to show cause as to why the Manor at Washington Court House should not have default judgment entered against it. (Doc. 135.) If such default judgment is entered, it would leave Sovran as the sole defendant remaining in this action.

Adjudicating the Motion for Class Certification while simultaneously briefing Sovran's motion for summary judgment would be an inefficient use of both judicial and counsel's resources. Sovran will be presenting essentially the same argument in both its motion against class certification and its motion for summary judgment, namely that it is not an employer as defined by the WARN Act.

It would also not unduly prejudice or tactically disadvantage Plaintiff. If default judgment is entered against the Manor at Washington Court House, Sovran remains the sole defendant. Because the deadline for submission of Sovran's dispositive was January 29, 2016, and deadlines for subsequent responsive briefing will soon follow, the Court sees any delay as minimal. (Doc. 133.)

For the reasons above, the Court **GRANTS** Defendant's Motion to Stay (Doc. 127). Plaintiff's Motion to Certify Class and Appoint Class Representative is held in abeyance until the

Court disposes of the matter's dispositive motions, which were filed on January 29, 2016 (Docs. 137 and 138).

    **IT IS SO ORDERED.**

          <u>s/Algenon L. Marbley</u>
          **ALGENON L. MARBLEY**
          **UNITED STATES DISTRICT COURT**

**Dated: February 23, 2016.**